# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FLEXSCRIPTS ADMINISTRATORS, LLC,**
        **Plaintiff,**

    v.                               Case No. 13-C-0561

**HERR FOODS, INC.,**
        **Defendant.**

## DECISION AND ORDER

FlexScripts Administrators, LLC ("FlexScripts"), filed a complaint against Herr Foods, Inc. ("Herr"), in state court. Herr removed the action to this court and filed a motion to dismiss two of the three counts in the complaint (Counts I and II) for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

The allegations of the complaint, which I accept as true for purposes of this motion, are as follows. On August 11, 2008, FlexScripts and Herr entered into a written agreement under which FlexScripts agreed to provide claims administration and other services to Herr in exchange for a fee. The initial term of the agreement was one year, and the agreement provided that it would automatically renew for additional one-year periods unless one of the parties terminated the contract. The party terminating the contract was required to give the other party ninety days' written notice.

The parties allowed the agreement to renew in August 2009 and again in August 2010. However, on May 31, 2011, Herr provided written notice to FlexScripts that it intended to terminate the agreement effective December 1, 2011. FlexScripts alleges that Herr's notice of termination did not comply with the terms of the agreement because it was

sent less than ninety days prior to August 11, 2011, the date on which the agreement was set to automatically renew. Counts I and II of FlexScripts's complaint are claims for damages caused by this alleged breach.

Herr moves to dismiss these claims on the ground that they are barred by the following sentence of the agreement: "No action, regardless of form, arising out of the services provided under this Agreement may be brought by either party more than one year after the cause of action has been discovered." (Compl., Ex. A, § 5.b.) It is undisputed that FlexScripts discovered its cause of action no later than the date on which Herr terminated the agreement, December 1, 2011. FlexScripts commenced the present action on April 26, 2013. Thus, it is undisputed that the present action was brought more than one year after the cause of action was discovered. The question presented is whether the present action "aris[es] out of the services provided" under the agreement and is therefore barred because it was not brought within one year after the cause of action was discovered. This is a question of contract interpretation controlled by Wisconsin law. (Compl. Ex. A, § 8.b (choice-of-law provision).)

Under Wisconsin law, in interpreting a contract, a court generally should seek to give effect to the parties' intentions. Tufail v. Midwest Hospitality, LLC, 348 Wis.2d 631, __, 833 N.W.2d 586, 592 (2013). If the terms of a contract are clear and unambiguous, the court construes the contract according to its literal terms. Id. However, if the terms of the contract are ambiguous, then the court may consider extrinsic evidence regarding the parties' intent. Id. A contract provision is ambiguous if it is fairly susceptible of more than one construction. Id.

2

I find that the relevant contract language is ambiguous. One reasonable reading of the phrase "action . . . arising out of the services provided under [the] Agreement" is that it is meant to have the broadest possible scope and encompass any action that in any way relates to the services provided under the agreement. Under this reading, the phrase would encompass the present action, since the present action involves the termination of the services provided under the agreement and therefore, in a broad sense, relates to the services provided under the agreement. Another reasonable reading of the relevant phrase is that it is meant to apply only to an action in which the services themselves will be at the center of the dispute, such as an action by Herr for damages caused by FlexScripts's negligent handling of a claim, an action by Herr for damages caused by FlexScripts's failure to provide the services that it promised to provide, or an action by FlexScripts against Herr for failure to pay for services rendered by FlexScripts under the agreement. Under this reading, the phrase would not encompass the present action, since the services are in no way central to the parties' dispute. Indeed, the services are entirely irrelevant to FlexScripts's claim for breach of the agreement's notice-of-termination provision. To resolve that claim, one does not need to know that the contract involved the provision of claims-administration services rather than goods or some other type of service. Rather, all one needs to know is what the contract's termination provisions state and what Herr did when it terminated the contract.

Because I find that the relevant contract language is ambiguous, its meaning is a question of fact, see, e.g., Lemke v. Larsen Co., 35 Wis. 2d 427, 431–32 (1967), which

cannot be resolved on a motion to dismiss under Rule 12(b)(6). Accordingly, **IT IS ORDERED** that Herr's motion to dismiss is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of September, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge